UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SUNRISE MEDICAL HHG, INC.**

        Plaintiff,

    v.                                                  1:01-CV-597 (HGM/DRH)

**HEALTH FOCUS OF NEW YORK AND ANTHONY ANDERSON,**

        Defendants.
_____
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| MCCARTER & ENGLISH, LLP<br>Attorneys for Plaintiff<br>245 Park Avenue<br>New York, New York 10167 | JOSEPH R. DI SALVO, ESQ.<br>THOMAS M. SMITH, ESQ. |
| E.J. PESKIND, ESQ.<br>Attorney for Defendants<br>Office of E.J. Peskind<br>7047 East Greenway Parkway<br>Suite 155<br>Scottsdale, AZ 85254 | |
| BILGORE, REICH, LEVINE, KROLL & KANTOR<br>Attorneys for Defendants<br>950 Reynolds Arcade Building<br>16 East Main Street<br>Rochester, New York 14614 | THEODORE S. KANTOR, ESQ. |

**HOWARD G. MUNSON**
**United States Senior District Judge**

### MEMORANDUM AND ORDER

      On February 15, 2005, the court granted summary judgment in favor of Sunrise Medical HHG, Inc. ("Sunrise") against Health Focus of New York ("Health Focus") and Anthony Anderson ("Anderson") (collectively "defendants"). In its Memorandum - Decision and Order, the court

ordered the parties to confer and submit a proposed interest calculation. On March 16, 2005, Sunrise submitted calculations to that effect, noting that its efforts to confer with defendants had been rebuffed. To date, defendants have neither objected to Sunrise's calculations nor submitted their own calculations. On March 14, 2005, the court entered an order staying proceedings pursuant to 11 U.S.C. § 362, based on Health Focus' filing of a bankruptcy petition in the District of Arizona. In a letter request to the court, Sunrise's counsel notes that although the court apparently stayed proceedings against both Health Focus and Anderson, Anderson has not filed for bankruptcy, and therefore, Anderson should not enjoy the protection of 11 U.S.C. § 362. Further noting that the court found Anderson liable on the personal guaranties he signed in favor of Sunrise, Sunrise requests that the court lift the stay as applied to Anderson and enter judgment against him.

## DISCUSSION

11 U.S.C. § 362 (a) states in pertinent that:

> a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

It is well-established that stays pursuant to § 362(a) are limited to debtors and apply to non-bankrupt co-defendants. *See, e.g.*, Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 288 (2d Cir. 2003); Teacher Ins. & Annuity Ass'n of America v. Butler, 803 F.2d 61, 65 (2d Cir. 1986). "Consistent with that guideline, courts in this Circuit have regularly refused to extend a debtor corporation's § 362(a) stay to its non-debtor officers and principals." Gucci America, Inc. v. Duty Free Apparel, Ltd., 328 F.Supp.2d 439, 441 (S.D.N.Y. 2004) (citing Gray v. Hirsch, 230 B.R. 239, 242 (S.D.N.Y.1999) (noting consistent Second Circuit refusal to shelter non-debtor principals as evidence that control

2

of a bankrupt entity does not automatically establish § 362(a) protection)).

Some courts, however, recognize that a § 362(a) stay may suspend an action against a non-bankrupt party where the debtor and the non-bankrupt party can be considered one entity or as having a unitary interest. *See* In re North Star Contracting Corp., 125 B.R. 368, 370 (S.D.N.Y. 1991) (citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986)). Specifically, where a particular action against the non-debtor party threatens to adversely affect the debtor's reorganization efforts, courts are willing to extend § 362(a)'s coverage accordingly. *See, e.g.*, In re United Health Care Org., 210 B.R. 228 (S.D.N.Y. 1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon the contribution of defendants' personal assets and efforts).

Extending the protections of the Automatic Stay to non-bankrupt defendants is a discretionary matter. In exercising such discretion, the court must consider: "(1) whether continuation of outside litigation would so distract individuals important to the reorganization process as to impede the reorganization effort; (2) whether extension of the stay would work a hardship on plaintiffs by giving "unwarranted immunity" to solvent defendants; (3) whether a recovery would so reduce the debtor's limited insurance fund as to affect the property of the estate; and (4) whether . . . the non-bankrupt party seeking the stay is independently liable to the plaintiff." Millard v. Developmental Disabilities Inst., Inc., 261 B.R. 42, 43 (E.D.N.Y. 2001) (citation omitted); CAE Indus. Ltd.v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990) ("The standard used by many courts in making determinations as to the scope of a stay is: if an extension of the stay would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants, which would contravene the purposes underlying the automatic stay, then the stay should be denied (citation and internal quotation omitted). Therefore, a Section 362 stay is not ordinarily extended to entities such as sureties, guarantors, co-obligors, or others with a similar legal

or factual nexus to the Chapter 11 debtor." (citation and internal quotation omitted)). The decisive issue is whether extension of the stay is necessary to foster the reorganization process, *see* id. at 45 (citing Gray, 230 B.R. at 243 ("broader rule" is that stay is extended only "when necessary to protect the debtor's reorganization"); In re Wolf Financial Group, Inc., 1994 WL 913278 at *11 (Bankr.S.D.N.Y. 1994) (stay warranted only if outside action would "embarrass, burden, delay or otherwise impede the reorganization proceedings"), but the court must consider the issue "in conjunction with the directive that extensions of the Automatic Stay are the exception rather than the rule and are not favored absent some usual circumstance." Millard, 261 B.R. at 43 (citing CAE Indus., 116 B.R. at 32).

Here, the court has before it no evidence to suggest: that lifting the stay against Anderson would cause a distraction such as to impede the reorganization of Health Focus; that a recovery would so reduce the Health Focus' limited insurance fund as to affect the property of the estate; or that Anderson is even seeking the stay for himself. Indeed, Anderson has provided no response to Sunrise's letter request, which was carbon copied to his counsel. Moreover, the court has already found Anderson, a solvent defendant, independently liable to Sunrise, and the stay has forestalled Sunrise's recovery efforts by giving Anderson "unwarranted immunity." Accordingly, the stay entered pursuant to 11 U.S.C. § 362(a) as to Anderson is hereby lifted and the court enters judgment in the amount of $255,767.25 plus interest and attorney's fees and costs as explained below.

As to the calculation of interest owed and attorney's fees and costs, defendants have failed to file their own calculations or otherwise object to those submitted by Sunrise. Six months having passed since Sunrise submitted their calculations, the court questions whether defendants have any objection thereto but recognizes that defendants' failure to object may of course be due to the previously imposed stay of the proceedings. With the stay having been lifted as to Anderson, the court invites him to reply to Sunrise's interest, attorney's fees and costs calculations by no later than

twenty-one calendar days from the date of entry of this Order.  If Anderson replies and objects to Sunrise's calculations, then the parties' are to contact the court within twenty-eight calendar days from the date of entry of this order to schedule a hearing on the matter.

## CONCLUSION

**WHEREFORE**, after careful consideration of the file in this matter and the applicable law, the court hereby

**GRANTS** Sunrise's letter request to lift the stay imposed pursuant to 11 U.S.C. § 362(a) as to Anderson, enters judgment in the amount of $255,767.25 plus an amount to be determined as set forth above, and further

**ORDERS** that Anderson has twenty-one calendar days from the date of entry of this order to file any objections to Sunrise's interest and attorney's fees and costs calculations, and further

**ORDERS** the parties to contact the court if Anderson files and objects to Sunrise's interest and attorney's fees and costs calculations by no later than twenty-eight days from the date of entry of this order.

**IT IS SO ORDERED.**

Dated: December 7, 2005
Syracuse, New York

_Howard G. Munson_
Howard G. Munson
Senior U.S. District Judge