UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SUNRISE MEDICAL HHG, INC.**

        Plaintiff,

  v.                                      1:01-CV-597 (HGM/DRH)

**HEALTH FOCUS OF NEW YORK AND
ANTHONY ANDERSON,**

        Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MCCARTER & ENGLISH, LLP<br>245 Park Avenue<br>New York, New York 10167<br>*Attorneys for Plaintiff* | JOSEPH R. DI SALVO, ESQ.<br>THOMAS M. SMITH, ESQ. |
| OFFICE OF E.J. PESKIND<br>7047 East Greenway Parkway<br>Suite 155<br>Scottsdale, AZ 85254<br>*Attorney for Defendants* | E.J. PESKIND, ESQ. |
| BILGORE, REICH, LEVINE, KROLL & KANTOR<br>950 Reynolds Arcade Building<br>16 East Main Street<br>Rochester, New York 14614<br>*Attorneys for Defendants* | THEODORE S. KANTOR, ESQ. |

**HOWARD G. MUNSON
Senior United States District Judge**

## ORDER

      Plaintiff, Sunrise Medical HHG, Inc. ("Sunrise"), seeks recoupment of attorney's fees and costs in this action. As per the court's request, *see* Dkt. No. 39, plaintiff's counsel has submitted an affidavit, *see* Dkt. No. 40, which describes the attorneys' experience and skill, and a billing statement that includes dates, work descriptions, hours worked and amounts billed. As the court

noted in its Memorandum - Decision and Order, the Account Agreement provided that in the event of default, defendants agreed to pay "reasonable attorney's fees," the Guaranty specified that defendants agreed "to pay all attorneys' fees incurred in enforcing the Guaranty. *See* Dkt. No. 28. The Note and Security Agreement also similarly provide for defendants' payment of attorneys' fees.

"The district court is given broad discretion in granting a fee award and assessing a reasonable fee under the circumstances of the case." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). Ordinarily, courts in the Northern District of New York follow the lodestar method. *See* O'Grady v. Mohawk Finishing Prods., Inc., 1999 WL 309888, at *2 (N.D.N.Y. Jan. 15, 1999). The hourly rate portion of the lodestar represents the rates prevailing in the Northern District "for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.1, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Sunrise, however, objects to the court applying the lodestar method to its request for attorneys' fees. Sunrise argues that because it makes the request "pursuant to the explicit terms of the contract between the parties, by which defendants expressly assumed liability for the payment of all reasonable attorneys' fees associated with the recovery of amounts owed under the Account Agreement, Promissory Note, and Security Agreement," *see* Dkt. No. 40, Di Salvo Decl. at ¶ 17, and that the court has already ruled in favor of Sunrise on the basis of these agreements, *see* Dkt. No. 28, "[t]here is no legal or equitable basis upon which to apply a downward reduction" to the fees it seeks. Dkt. No. 40, Di Salvo Decl. at ¶ 17. The Second Circuit has explained New York law with respect to a contractual provision for the recovery of attorneys' fees and costs as follows:

> As a general matter of New York law, . . . when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable . . . . A variety of factors informs the court's determination of whether a requested amount of

2

>   attorneys' fees is reasonable or unreasonable, including the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.  In general, the court uses a "lodestar" method, in which the hours reasonably spent by counsel, as determined by the Court, are multiplied by the reasonable hourly rate.  The lodestar analysis is, however, tempered by a policy requiring that contractual provisions for the payment of attorneys' fees be strictly construed . . . .

F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987) (quotations and citations omitted).[1]  The Second Circuit has also observed that "where the fee is not 'court awarded' in the sense of imposing an obligation, but is rather a filling in of the terms of a contract . . . the court's task . . . is to make its best guess as to what the paying party actually would have had to pay."  Peter Fabrics, Inc. v. S.S. Hermes, 765 F.2d 306, 319 (2d Cir. 1985).

Sunrise seeks $50,490.57 in attorneys' fees and $3,518.48 in costs for a total of $54,009.05, *see* Dkt. No. 40; this figure represents less than twenty-two percent of the principal at issue under the parties' agreements–$255,767.25–and less than thirteen percent of the principal plus interest–$433,273.67.  The court has reviewed Sunrise's attorneys' contemporaneous time records and finds that they are reasonable and warranted based upon the explicit terms of the agreements between the parties.  Accordingly, Sunrise is entitled to $54,009.05 for attorney's fees and costs.

---

[1] Previously the court had looked to California and Colorado law as to the Security Agreement and Note, respectively.  California and Colorado law are in accord with New York law with respect to the recovery of attorneys' fees under a contract.  *See* Wiener v. Van Winkle, 273 Cal.App.2d 774, 78 Cal.Rptr. 761 (Cal.App. 1969); 23 Cal. Jur. 3d Damages § 119; Wheeler v. T.L. Roofing, Inc., 74 P.3d 499, 503 (Colo.App. 2003).

## CONCLUSION

The court directs the Clerk of the Court to enter judgment against defendant Anthony Anderson in the amount of $487,282.72, which includes $433,273.67 as the principle and interest and $54,009.05 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: November 20, 2006
Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge